**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ALFREDO SANCHEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br><br>ALFREDO SANCHEZ,<br><br>             Defendant. | Case No.: 2:18-CR-00136-TLN<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE**<br><br>Date: **December 3, 2020**<br>Time: **9:30 a.m.**<br>Courtroom: **2** |

**TO:   THE HONORABLE COURT AND TO THE ASSISTANT UNITED STATES ATTORNEY:**

This case was previously set for a status conference on December 3, 2020.  This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California.  By stipulation, the parties now move to continue the status conference to March 4, 2021, at 9:30 a.m., and to exclude time between December 3, 2020 and March 4, 2021.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any

such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 3, 2020.

2. By this stipulation, defendant now moves to continue the status conference until March 4, 2021, at 9:30 a.m., and to exclude time between December 3, 2020, and March 4, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) Counsel for the Defendant underwent a major surgical procedure on November 13, 2020, and has not been discharged from the hospital as of the date of this stipulation. Counsel's recovery is expected to take six to eight weeks.

b) Counsel for Defendant desires additional time to recover, consult with his client, conduct further investigation, review discovery, prepare for a possible trial, and to continue to explore a potential resolution to this case.

c) Counsel for Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 3, 2020 to March 4, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: November 25, 2020    By: */s/Cameron Desmond*
                                 CAMERON DESMOND
                                 Assistant United States Attorney


DATED: November 25, 2020    By: */s/Anthony P. Capozzi*
                                 ANTHONY P. CAPOZZI
                                 Attorney for Defendant ALFREDO SANCHEZ


## **ORDER**

For reasons set forth above, the continuance requested by the parties is granted for good cause and time is excluded under the Speedy Trial Act from December 3, 2020, to and including March 4, 2021, based upon the Court's finding that the ends of justice outweigh the public's and defendant's interest in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

**IT IS ORDERED** that the Status Conference currently scheduled for December 3, 2020, at 9:30 a.m. is continued to **March 4, 2021, at 9:30 a.m.**

IT IS SO ORDERED.

DATED: November 25, 2020

_____
Troy L. Nunley
United States District Judge

4
STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE
CASE NO.: 2:18-CR-00136-TLN