|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-00136-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| ALFREDO SANCHEZ, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

    This matter is before the Court on the Government's Motion to Revoke the Magistrate Judge's Order Modifying Conditions of Pretrial Release.  (ECF No. 91.)  Defendant Alfredo Sanchez ("Defendant") filed an opposition.  (ECF No. 95.)  The Government did not file a reply.  For the reasons set forth below, the Court GRANTS the Government's motion.

    At the initial detention hearing on June 20, 2018, the magistrate judge fashioned conditions of pretrial release that included restricted travel and surrender of Defendant's passport.  (ECF No. 91 at 3.)  On February 17, 2022, the magistrate judge granted Defendant's motion to modify the terms of his release to allow him to travel to Mexico to visit family for two weeks.  (*Id.*)  The Government moves pursuant to 18 U.S.C. § 3145(a) to revoke the magistrate judge's order.  (*Id.* at 3–4.)  On March 31, 2022, Defendant pleaded guilty to Count Three of the Indictment, which charged possession with intent to distribute at least 40 grams of a mixture and substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 99.)

1    The Government argues Defendant is presumed to be a flight risk under the Bail Reform
2    Act and the pretrial condition prohibiting international travel is necessary to ensure Defendant's
3    future appearance.  (ECF No. 91 at 3.)  The Government further argues allowing Defendant to
4    travel with his wife and daughter to Mexico, where he has established connections, creates an
5    unwarranted and significant risk of non-appearance.  (*Id.*)

6    In opposition, Defendant submits a declaration from his attorney.  (ECF No. 95 at 1.)
7    Defense counsel states, among other things, that Defendant's pretrial officer indicates he has been
8    compliant on pretrial release and does not oppose the visit to Mexico.  (*Id.*)  Defense counsel also
9    notes Defendant has operated a labor contracting business since 2015 and has lived at the same
10   address since 2016.  (*Id.*)  Defendant also attaches a personal email to the Court, asserting he is
11   not a flight risk because his whole life is in the United States, his 15-year-old daughter attends a
12   private school and wants the best education possible, and he has established businesses here.
13   (ECF No. 95-1 at 5.)

14   "If a person is ordered released by a magistrate judge . . . the Government may file, with
15   the court having original jurisdiction over the offense, a motion for revocation of the order or
16   amendment of the conditions of release."  18 U.S.C. § 3145(a).  The district court "should review
17   the evidence before the magistrate and make its own independent determination whether the
18   magistrate's findings are correct, with no deference."  *United States v. Koenig*, 912 F.2d 1190,
19   1193 (9th Cir. 1990).  "[T]he district court, while empowered to do so, is not required to hold an
20   evidentiary hearing when no evidence is offered that was not before the magistrate."  *Id.*

21   In the instant case, it is undisputed that there is a rebuttable presumption that no condition
22   or combination of conditions will reasonably assure the appearance of Defendant as required and
23   the safety of the community.  *See* 18 U.S.C. § 3142(e).  As noted by the pretrial services officer,
24   Defendant has complied with the conditions of supervision set in June 2018, he has been
25   employed throughout supervision, he has a reliable third-party custodian, and he has a $100,000
26   unsecured appearance bond.  While the Court commends Defendant for doing well thus far on
27   pretrial release, the Court believes allowing Defendant to travel to Mexico — a place with
28   substantial family ties — would create an unnecessary risk of flight, especially considering

1  Defendant has now pleaded guilty and faces a considerable prison term.
2         Accordingly, the Court GRANTS the Government's Motion (ECF No. 91) and
3  REVOKES the magistrate judge's February 17, 2022 order modifying conditions of pretrial
4  release.
5         IT IS SO ORDERED.
6  **DATED**:  **April 5, 2022**

Troy L. Nunley
United States District Judge